**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4334-18T1

IN THE MATTER OF RUTGERS,
THE STATE UNIVERSITY OF
NEW JERSEY,

      Petitioner-Respondent,

and

FOP LODGE 164, SUPERIOR
OFFICERS ASSOCIATION,

      Respondent-Appellant.

_____

Argued June 4, 2020 – Decided July 22, 2020

Before Judges Suter and DeAlmeida.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2019-44.

Catherine Mary Elston argued the cause for appellant (C. Elston & Associates, LLC, attorneys; Catherine Mary Elston, of counsel and on the briefs; Cathlene Y. Banker, on the briefs).

James P. Lindon argued the cause for respondent Rutgers, The State University of New Jersey (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys;

James P. Lidon, of counsel and on the brief; Kelly R. Anderson, on the brief).

Don Horowitz, Senior Deputy General Counsel, argued the cause for respondent the New Jersey Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; Don Horowitz, on the statement in lieu of brief).

PER CURIAM

Lodge 164 of the Fraternal Order of Police, Superior Officers Association (the FOP), appeals from a scope-of-negotiations determination by the Public Employment Relations Commission (PERC). See N.J.S.A. 34:13A-5.4(d). We affirm.

I.

In May 2018, Rutgers, the State University of New Jersey (Rutgers) terminated Sergeant Michael Farella's employment as a member of the Rutgers Police Department for disciplinary reasons. The FOP filed a grievance under the collective negotiations agreement, challenging the termination decision and—following appointment of an arbitrator, who scheduled an arbitration proceeding—unsuccessfully pursued arbitration through three steps[1] of the grievance procedure.

---

[1] The third step was waived by the parties.

In November 2018, Rutgers filed a petition with PERC for a scope-of-negotiations determination, seeking to restrain binding arbitration. Rutgers contended the termination action constituted major discipline, which was not subject to binding arbitration.

> Under N.J.S.A. 34:13A-5.3, as construed by well-settled Commission and court precedent, the merits of major discipline imposed upon a police officer are non-negotiable and, thus, non-arbitrable matters of managerial prerogative. Consequently, the University seeks a determination by the Commission that the grievance seeks binding arbitration concerning a non-negotiable matter, and an order restraining arbitration.

FOP opposed the scope petition, arguing that State v. State Troopers Fraternal Association, 134 N.J. 393 (1993), relied on by Rutgers, was not the "sweeping opinion" that Rutgers said it was. Because the statutes governing operations of Rutgers' police do not provide for discipline, see N.J.S.A. 18A:6-4.2 to -11, the FOP argued State Troopers did not preclude arbitration; rather, it is the "statutory authority of the public employer to determine the discipline to be imposed."

On April 25, 2019, PERC granted Rutgers' request to restrain binding arbitration. Citing State Troopers, PERC concluded "[p]olice officers may not contest the merits of major disciplinary sanctions (suspension or fines of more than five days, demotions, and terminations) through contractual binding

arbitration." Although N.J.S.A. 34:13A-5.3 was amended after State Troopers was decided, PERC found this did not "expand the right to binding arbitration for police officers beyond review of minor disciplinary actions," citing Monmouth County v. CWA, 300 N.J. Super. 272 (App. Div. 1997). FOP appealed PERC's decision.

The arbitration hearing was scheduled for August 2019. The arbitrator would not cancel the hearing at Rutgers' request because "[t]here is nothing in the PERC ruling that mentions or precludes the arbitration of procedural issues of disciplinary determinations, which will be the issue before the [a]rbitrator at the August 20, 2019 hearing." Rutgers filed a motion with PERC seeking compliance and enforcement of its earlier decision that the FOP opposed.

In a letter dated August 7, 2019, PERC denied without prejudice Rutgers' request to commence enforcement proceedings relief because it "believe[d] Rutgers[] ha[d] the ability to cross-appeal [from the FOP's earlier appeal] and apply to the Appellate Division for a stay of the arbitration." PERC also stood by its April 25, 2019 decision "restraining arbitration without qualification," noting that "neither party raised procedural issues or presented documents relating to procedural arguments addressed at earlier steps of the grievance procedure." Rutgers sought emergent relief. On August 20, 2019, we granted

Rutgers' request to stay the arbitration and to cross-appeal the April 25, 2019 order and August 7, 2019 letter, but we denied the cross-appeal as moot because we stayed the arbitration. The FOP amended its notice of appeal to include the August 7, 2019 letter.

On appeal, the FOP raises these issues:

> II. PERC ACTED ARBITRARILY AND CAPRICIOUSLY IN REJECTING FOP 164'S CONTENTION THAT THE PROHIBITION AGAINST CONTESTING THE MERITS OF MAJOR DISCIPLINARY SANCTIONS THROUGH CONTRACTUAL BINDING ARBITRATION ENUNCIATED IN [STATE TROOPERS] DOES NOT APPLY TO CAMPUS POLICE OFFICERS.
>
> III. PERC ACTED ARBITRARILY AND CAPRICIOUSLY WHEN IN ITS AUGUST 7, 2019 LETTER DECISION IT CONSTRUED ITS APRIL 25, 2019 DECISION AND ORDER AS NOT BEING LIMITED TO THE RESTRAINT OF ARBITRATION AS TO THE MERITS OF THE DISCIPLINARY TERMINATION CHALLENGED BY FOP 164'S GRIEVANCE.

## II.

"The Legislature has vested PERC with 'the power and duty, upon the request of any public employer or majority representative, to make a determination as to whether a matter in dispute is within the scope of collective negotiations.'" In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 400 (App. Div.

2018) (quoting <u>City of Jersey City v. Jersey City Police Officers Benevolent Ass'n</u>, 154 N.J. 555, 567-68 (1998)). "The standard of review of a PERC decision concerning the scope of negotiations is thoroughly settled. The administrative determination will stand unless it is clearly demonstrated to be arbitrary or capricious." <u>Ibid.</u> (quoting <u>Jersey City</u>, 154 N.J. at 568).

The FOP does not present any argument that would permit this court to reverse PERC's decision on the grounds that: "(1) it was arbitrary, capricious, or unreasonable; (2) it violated express or implied legislative policies; (3) it offended the State or Federal Constitution; or (4) the findings on which it was based were not supported by substantial, credible evidence in the record." <u>Shim v. Rutgers</u>, 191 N.J. 374, 384 (2007). PERC's decision restrained binding arbitration on the merits of a major discipline of a police officer—here a Rutgers police officer. This has been PERC's position consistently since <u>State Troopers</u> was decided.

There is no indication PERC's decision violated express or implied legislative policies. The FOP did not address that N.J.S.A. 34:13A-5.3 was amended after <u>State Troopers</u> to refer expressly to major discipline. Only the

> State of New Jersey and the majority representative have agreed to a disciplinary review procedure that provides for binding arbitration of disputes involving the major discipline of any public employee protected

under the provisions of this section, other than public employees subject to discipline pursuant to R.S.53:1-10, the grievance and disciplinary review procedures established by agreement between the State of New Jersey and the majority representative shall be utilized for any dispute covered by the terms of such agreement.

[N.J.S.A. 34:13A-5.3.]

The Rutgers police are not the State of New Jersey as referenced in the statute. See Fine v. Rutgers, 163 N.J. 464, 468 (2000) (providing that Rutgers is a "hybrid institution—at one and the same time private and public, with the State being granted a major voice in management, and the designation 'State University'; and the institution being granted private autonomy and control of physical properties and assets." (internal quotation mark omitted)) (quoting Trs. of Rutgers Coll. in N.J. v. Richman, 41 N.J. Super. 259, 289-90 (Ch. Div. 1956)). PERC's decision to restrain arbitration, therefore, did not violate any express or implied legislative policy.

There is no allegation, here, that the federal or state constitution was offended by PERC's decision. And, no one questions that termination from employment is major discipline.

The FOP argues that PERC's decision was arbitrary and capricious because PERC referenced its prior consistent decisions and decisions from our

court that have affirmed the PERC decisions. It certainly is not arbitrary or capricious for PERC to decide this case consistent with its past cases or ours.

The FOP argues that State Troopers has been read too broadly by PERC. We find no merit in that argument. "We first observe that 'the Legislature is presumed to be aware of judicial construction of its enactments[.]'" DiProspero v. Penn, 183 N.J. 477, 494 (2005) (quoting N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n. 6 (2002)). The Legislature amended the underlying statute since State Troopers but not to address the issue the FOP raises. The argument advanced by the FOP, therefore, does not provide us with a basis to conclude that PERC's decision was inconsistent with this statute or was arbitrary, capricious or unreasonable.

The FOP contends that PERC erred by not addressing the arbitrability of certain claimed procedural issues. However, the scope petition only raised an issue about major discipline; it did not raise procedural issues. We decline to address arguments that were not made to PERC in the scope petition. See Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4334-18T1